IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH WYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 2758 |
| ) | |
| EVGEROS, INC. d/b/a Olympic ) | |
| Star Restaurant, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Judith Wyman has filed suit against her former employer, Evgeros, Inc., which operates Olympic Star Restaurant. Wyman alleges that Evgeros refused to schedule her for morning shifts at the restaurant and ultimately terminated her employment, all due to her age in violation of the Age Discrimination in Employment Act (ADEA) and the Illinois Human Rights Act (IHRA). Evgeros has moved for summary judgment on all of Wyman's claims. For the reasons stated below, the Court grants summary judgment in favor of Evgeros on Wyman's claims based on the restaurant's failure to give her morning shifts but otherwise denies Evgeros's motion for summary judgment.

## Background

    Olympic Star Restaurant is located in Tinley Park, Illinois. Around June 2013, Evgeros acquired Olympic Star. Gerasimos (Gerry) Garbis and Evangelina Garbis (Eva) are shareholders in Evgeros. Their son, Anstasios (Taso) Garbis, took over management of the restaurant for a period of time.

Judith Wyman began working as a server at Olympic Star in 1987. She typically worked the morning shift on Mondays and Wednesdays. During the school year, Wyman also worked as a crossing guard. In March 2013, Wyman requested and received time off to undergo surgery and to recover. Wyman's doctor released her to return to work on October 1, 2013. She approached Olympic Star's management about how to get back on the shift schedule. Elise, a manager at Olympic Star, told Wyman that the schedule for the week was already set and instead placed Wyman on on-call status. No one called off, so Wyman did not work that week. Wyman also filled out an availability form in order to be put on the schedule in future weeks. Wyman indicated on the form that she was available to work on Sundays, Mondays, Wednesdays, and Saturdays from 6:00 am to 2:00 pm.

Elise later called Wyman to inform her that she was scheduled to work Monday, October 14 starting at 1:00 pm. Evgeros states that Wyman agreed to work this shift. Wyman says, however, that she told Elise that she could not work during these times and that she never agreed to come in. Wyman further states that she understood from Elise's response that she had been removed from the schedule for October 14. Wyman did not show up for the 1:00 pm shift. Around 2:00 pm, Wyman called Taso to explain why she was not at the restaurant. Wyman allegedly told Taso that she was unaware that she was scheduled. Evgeros contends that Wyman told Taso that she was a "morning girl" and therefore would not work the afternoon shift.

Despite this incident, Wyman was scheduled for two more afternoon shifts, at 1:00 pm on October 21 and 28. Evgeros states that Wyman refused to work both shifts and did not show up for either. Wyman again indicates that she did not know that

2

Olympic Star had scheduled her to work at these times and that she expected the restaurant to honor her request for morning-shift work.  On October 28, Olympic Star sent Wyman a letter terminating her employment, citing the fact that she failed to appear for scheduled shifts and refused to work available shifts.

Wyman then filed the present suit against Evgeros.  Wyman alleges in count 1 that Evgeros terminated her employment due to her age in violation of the ADEA.  In count 2, Wyman alleges that the same conduct violates the IHRA.  Wyman alleges in count 3 that Evgeros refused to schedule her for her preferred morning shifts due to her age in violation of the ADEA.  In count 4, Wyman alleges that the same conduct violates the IHRA.

**Discussion**

Evgeros has moved for summary judgment on all four of Wyman's claims.  It argues primarily that Wyman has failed to state a claim of age discrimination under either the direct or indirect methods of proof.  Further, Evgeros argues that the standard under the IHRA is identical to that under the ADEA and, because it is entitled to summary judgment on the claims brought under federal law, it is entitled to summary judgment on the state law claims as well.

Summary judgment is appropriate when there is no issue of material fact such that the movant is entitled to judgment as a matter of law.  *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012).  Facts are viewed in the light most favorable to the non-moving party.  *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002).  Summary judgment is appropriate when no reasonable jury could find in favor of the non-moving party.  *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 657 (7th Cir.

3

2012).

## I. Objection to plaintiff's exhibits

Wyman supports her response to Evgeros's motion for summary judgment with a series of exhibits attached to her Rule 56 statement. *See* dkt. no. 40. Evgeros has moved to strike these exhibits on the ground that they were untimely filed. Def.'s Reply at 1–3. Evgeros further argues that, without these exhibits, Wyman has failed to provide evidentiary support for her arguments, thus entitling Evgeros to summary judgment. *Id.*

Courts have "both the authority to establish deadlines and the discretion to enforce them." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Evgeros does not contend that it was unable to present its arguments fully and fairly due to Wyman's late filing of her Rule 56 statement and accompanying exhibits. Rather, it says that "[p]laintiff filed the exhibits after Defendant had already completed a first drafted [sic] its Reply, and now had [sic] been forced to re-draft the majority of the reply at [the] proverbial [ ] 11th hour." Def.'s Reply at 2. This indicates that Evgeros actually was able to address the exhibits adequately, even though it was put to extra work. The Court therefore denies Evgeros's request to strike Wyman's exhibits.

## II. Counts 1 and 2

In count 1, Wyman alleges that Evgeros terminated her employment due to her age in violation of the ADEA. In count 2, Wyman alleges that the same conduct violates the IHRA. As Evgeros acknowledges, claims brought under the IHRA are governed by the same standard as federal discrimination claims. *See* Def.'s Mem. in Supp. of Mot. for Summ. J. at 5; *Owen v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 918, 936

N.E.2d 623, 639 (2010).  The Court therefore considers counts 1 and 2 together for the purposes of summary judgment.

The ADEA "prohibits employers from firing workers who are 40 or older on the basis of their age." *Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 452 (7th Cir. 2009) (citing 29 U.S.C. § 623(a)(1), 631(a)).  The statute requires age to be the determining factor in the employer's decision to initiate the adverse employment action. *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961 (7th Cir. 2010).  Evgeros first argues that Wyman cannot establish that age was the "but-for" cause of her termination because she has stated that she was fired in part because of her age and in part because Olympic Star's management did not like her.  Def.'s Mem. in Supp. of Mot. for Summ. J. at 6–7.  This argument lacks merit.  Wyman's subjective opinion on why Evgeros terminated her employment amounts to inadmissible speculation regarding someone else's state of mind.  Even if, however, Wyman's statement were admissible, it has minuscule (if any) probative value.  Moreover, it would be only one item among all of the evidence to be considered; it would not by itself establish the absence of a viable claim.  The Court therefore proceeds to examine the other evidence offered by the parties.

The Seventh Circuit recently eliminated the distinction between direct and indirect evidence in employment discrimination cases.  *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).  A court is to evaluate all the evidence and determine whether it would permit a reasonable factfinder to conclude that plaintiff suffered an adverse employment action due to his or her age.  *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, No. 15-2132, 2017 WL 129114, *4 (7th Cir. Jan. 13, 2017).

The Seventh Circuit has further noted, however, that courts can still apply the *McDonnell Douglas* burden-shifting framework to evaluate but-for causation. *See Fleishman*, 698 F.3d at 604 (citing *Senske v. Sybase*, 588 F.3d 501, 506–07 (7th Cir. 2009)). Because Evgeros frames the remainder of its motion in terms of the *McDonnell Douglas* framework, the Court applies this standard in evaluating Wyman's claim.

When applying the burden-shifting method, the plaintiff is typically required to establish a prima facie case of discrimination. *Atanus v. Perry*, 520 F.3d 662, 672 (7th Cir. 2008). To do so, the plaintiff must show that (1) she is over the age of 40; (2) her job performance met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the employer treated similarly situated younger employees more favorably. *Filar v. Bd. of Educ. of City of Chicago*, 526 F.3d 1054, 1060 (7th Cir. 2008). The burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for the adverse action. *Id.* If the defendant does so, the burden shifts back to the plaintiff to show that the defendant's reason is pretextual. *Id.* Where, as here, the plaintiff essentially alleges that the employer is misrepresenting its legitimate employment expectations in order to terminate her, "the question of whether [she] was meeting [the defendant's] legitimate expectations merges with the question of whether [the defendant's] reasons for firing [her] are pretextual." *Senske*, 588 F.3d at 507.

Evgeros argues both that Wyman was not meeting its legitimate expectations and that it had a nondiscriminatory reason for firing her, namely that she missed her shift on October 14 and refused to work two shifts on October 21 and 28. Def.'s Mem. in Supp. of Mot. for Summ. J. at 7–10. Evgeros points to the employee handbook as

6

evidence that Wyman's refusal to work afternoon shifts violated Olympic Star's policies. The handbook indicates that the restaurant will try to accommodate employee scheduling requests but makes no guarantees. Def.'s Stat. of Material Facts (SMF), Ex. 10 (Employee Handbook) at 3. The handbook further states that "[s]chedules are created to meet the work demands of the restaurant" and that "management reserves the right to adjust working hours and shifts." *Id.* Finally, the handbook indicates that employees who do not show up for a shift without first notifying a manager in a timely manner may face disciplinary action up to and including termination without warning. *Id.* Evgeros argues that, because Wyman failed to show up for the October 14 shift and refused to work the October 21 and 28 shifts, it had a nondiscriminatory reason for terminating her employment.

In response, Wyman argues that Olympic Star should have honored her request to work only morning shifts. More importantly, Wyman argues that Evgeros's reasons for terminating her were pretextual. The Seventh Circuit has indicated that a plaintiff can demonstrate pretext by showing that the employer's explanations for the adverse action are unworthy of credence. *Senske*, 588 F.3d at 507. Wyman points to evidence that similarly situated younger employees committed similar infractions and were not terminated. Wyman herself testified that one particular employee under the age of 40 would show up for work drunk and was not fired. Pl.'s Resp. to Def.'s SMF & Stat. of Additional Material Facts, Ex. 1 (Wyman Dep.) at 106:4–8. Another former employee, June Miller, testified that younger employees would repeatedly violate the policies in the employee handbook. *Id.*, Ex. 2 (Miller Dep.) at 44:4–50:14. These employees would arrive late for shifts, show up to work drunk, sit down with customers, and let their

7

tattoos show, all in violation of Olympic Star policies, and allegedly were not fired. *See id.* Further, Miller testified that Evgeros permitted younger employees to alter their schedules at the last minute without repercussions, an allowance that Evgeros did not make for employees over the age of 40. *Id.* at 54:5–57:21. Because a reasonable factfinder could conclude that Evgeros's "legitimate expectations were disparately applied," Wyman need not demonstrate that she met Evgeros's legitimate expectations. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 642 (7th Cir. 2008). And the evidence of Evgeros's differential treatment of its employees is sufficient to permit an inference that Wyman's termination was the result of discriminatory intent.

Further, Wyman has provided additional evidence that her age, and not her behavior, was likely the motivating factor behind her termination. Shannon Perez, another former Olympic Star employee, testified that Taso often made negative comments about elderly people, including that "old people have a smell about them," like dead fish. Pl.'s Resp. to Def.'s SMF & Stat. of Additional Material Facts, Ex. 3 (Perez Dep.) at 33:15–16. Perez further testified that Eva indicated she was trying to create a new Olympic Star by getting rid of the older employees. *Id.* at 45:7–46–18. Actions or remarks by a decision maker that reflect a discriminatory attitude are evidence of discriminatory intent. *Lynch v. Belden & Co.*, 882 F.2d 262, 269 (7th Cir. 1989); *see also Futrell v. J.I. Case*, 38 F.3d 342, 347 (7th Cir. 1994). Though such statements alone do not prove discriminatory discharge, they constitute circumstantial evidence that supports an inference of discrimination. *Futrell*, 38 F.3d at 347. Thus when considering the statements by Taso and Eva in conjunction with Evgeros's differential treatment of its younger employees, Wyman has provided sufficient evidence

8

to give rise to a genuine dispute on whether her age was the but-for cause of her termination. The Court denies summary judgment to Evgeros on counts 1 and 2.

## III.    Counts 3 and 4

In counts 3 and 4, Wyman alleges that that Evgeros refused to schedule her for her preferred morning shifts due to her age in violation of the ADEA and the IHRA. In their briefs, both parties lump all four counts together and do not provide separate arguments to distinguish these claims from the claims in counts 1 and 2. Nevertheless, this Court finds that Wyman has failed to present sufficient evidence from which a reasonable factfinder could conclude that Evgeros refused to schedule Wyman for morning shifts due to her age. Wyman has not provided any evidence that Evgeros granted similar requests by younger employees to be scheduled exclusively for particular shifts. The employee handbook says that management creates the schedule in response to restaurant demand and that management reserves the right to adjust shifts as necessary. Employee Handbook at 2. Evgeros argues that it did not refuse to schedule Wyman for morning shifts but merely scheduled her based on the restaurant's need for servers. Because Wyman has not offered any evidence from which a jury reasonably could find otherwise, she has failed to show the existence of a genuine factual dispute concerning whether Evgeros's failure to schedule her for morning shifts was motivated by her age. The Court therefore grants summary judgment to Evgeros on counts 3 and 4.

## Conclusion

For the foregoing reasons, the Court grants summary judgment in favor of defendant on counts 3 and 4 of plaintiff's complaint but otherwise denies defendant's

motion [dkt. no. 24].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 27, 2017